1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ESTATE OF DWAYNE ZACHARY,
    LINDA LAMPKIN, REPRESENTATIVE;
12  DWAYNELA' Ta'SHAY ZACHARY
    THOMAS; AUGUSTINE ZACHARY;
13  SHAMIKA THOMAS; AILEEN ELDORA
    ZACHARY; DWAYNE ZACHARY;
14  LARRY MARTWAINE ZACHARY;
    JOSHUA CLEARANCE ZACHARY,
15                                        2:06-CV-01652-MCE-PAN

16          Plaintiffs,

17      v.                               MEMORANDUM AND ORDER

18  COUNTY OF SACRAMENTO; CITY OF
    SACRAMENTO; SACRAMENTO
19  COUNTY SHERIFF'S DEPARTMENT;
    LOU BLANAS, individually and
20  in his official capacity as
    SACRAMENTO COUNTY SHERIFF;
21  SACRAMENTO POLICE DEPARTMENT;
    ALBERT NÁJERA, individually
22  and in his official capacity
    as CHIEF of POLICE of the
23  CITY OF SACRAMENTO; SACRAMENTO
    SHERIFF OFFICERS DOES 1-49;
24  SACRAMENTO POLICE OFFICERS
    DOES 50-99; and additional
25  DOES 100-150, inclusive,

26          Defendants.

27                        ----oo0oo----

28

                              1

1    Through the present action, Plaintiffs[1] Estate of Dwayne

2  Zachary ("Estate"); Linda Lampkin ("Administrator") and Dwaynela'

3  Ta'shay Zachary Thomas, Augustine Zachary, Shamika Thomas

4  ("Shamika"), Aileen Eldora Zachary, Dwayne Zachary, Larry

5  Martwaine Zachary, and Joshua Clearance Zachary (collectively

6  "Heirs") claim that Defendants County of Sacramento ("County");

7  City of Sacramento ("City"); Sacramento County Sheriff's

8  Department ("Sheriff's Dept."); Lou Blanas, individually and in

9  his official capacity as Sacramento County Sheriff ("Blanas");

10  Sacramento Police Department ("Police Dept."); Albert Nájera,

11  individually and in his official capacity as Chief of Police of

12  the City of Sacramento ("Nájera"); and Sacramento Sheriff

13  Officers Does 1-49, Sacramento Police Officers Does 50-99, and

14  additional Does 100-150, inclusive ("Does") violated their civil

15  rights during the course of investigating a domestic disturbance

16  call at the home of now deceased Dwayne Zachary ("Decedent.")

17    Plaintiffs' first cause of action arises under the Civil

18  Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") and alleges

19  violations of the Fourth Amendment (excessive force and summary

20  punishment), the Fourteenth Amendment (equal protection), and the

21  Fifth and Fourteenth Amendments (due process) ("First Claim").

22

23    [1] The Plaintiffs in this matter include the Estate of the
decedent and the Administrator as distinct Plaintiffs from the
Heirs of Decedent.  In some instances, the moving Defendants are
24  seeking to dismiss an entire claim as to all Plaintiffs while in
others they seek to dismiss the Heirs only.  Accordingly, where
25  Defendants seek to dismiss an entire claim as to all Plaintiffs,
the Court shall clarify the scope of its Order by referring to
26  "Plaintiffs" which is intended to include all Plaintiffs.  To the
extent Defendants are seeking to dismiss Decedent's Heirs but are
27  not challenging the remaining Plaintiffs' claims, the Court shall
clarify the scope of its Order by referring to Decedent's "Heirs"
28  which is intended to include only the Heirs as identified above.

Plaintiffs' second claim also arises under Section 1983 and alleges violations of the Plaintiffs' right to Familial Relationships secured by the First, Fourth, Eighth and Fourteenth Amendments ("Second Claim").  Plaintiffs' third claim similarly arises under Section 1983 and municipal liability based on Defendants' tolerance and ratification of the use of unreasonable force and cruel and unusual punishment in violation of the Constitution ("Third Claim").  Plaintiffs' fourth claim arises under 42 U.S.C. § 1985 ("Section 1985") and alleges conspiracy to unlawfully brutalize Decedent ("Fourth Claim"). Plaintiffs' fifth claim arises under the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ("Unruh Act") and, more specifically, a violation of the Bane Act, Cal. Civ. Code § 52.1, wherein Plaintiffs assert an interference with Decedent's constitutional and statutory rights by threats, intimidation or coercion ("Fifth Claim").  Plaintiffs' sixth claim is for wrongful death in violation of the Fourth and Fourteenth Amendments ("Sixth Claim").  Plaintiffs' seventh through twelfth claims are brought pursuant to state law and allege assault and battery ("Seventh Claim"), false arrest ("Eighth Claim"), false imprisonment ("Ninth Claim"), intentional infliction of emotional distress ("Tenth Claim"), negligent training, hiring, discipline, retention ("Eleventh Claim"), and negligent infliction of emotional distress ("Twelfth Claim") (collectively "State Claims").

///

///

///

1    Presently before the Court is Defendant City and Defendant

2 Nájera's Motion to Dismiss.[2]  Specifically, these Defendants seek

3 to dismiss the Heirs' First Claim in so far as that claim seeks

4 redress for violations of the Decedent's right to be free from

5 excessive force and summary punishment under the Fourth

6 Amendment, the Decedent's right to due process under the Fifth

7 and Fourteenth Amendments and the Decedent's right to equal

8 protection under the Fourteenth Amendment.  Defendants so move on

9 the ground that the Heirs have no standing in their personal

10 capacities to seek relief for constitutional injuries inflicted

11 upon Decedent.  Defendants also asked that the Court dimiss the

12 First Claim entirely as to alleged violations of equal protection

13 and due process on the ground Plaintiffs have failed to state a

14 viable claim for relief.  Defendants further seek to dismiss the

15 Heirs' Third Claim, Fourth Claim, Seventh Claim, Eighth Claim,

16 Ninth Claim, and Tenth Claim similarly on the ground the Heirs'

17 lack standing to assert these claims in their personal

18 capacities.[3]  Defendants also moved the Court to dismiss the

19 Plaintiffs' Eleventh Claim for negligent training, hiring,

20 discipline on the ground that this claim was not properly based

21 on statute.

22

23    [2] Only Defendants City and Nájera are presently moving the
Court to dismiss.  The remaining Defendants have neither joined
24 this Motion nor opposed it.  Accordingly, this Court's Order is
limited to the moving Defendants and, unless otherwise noted,
25 references to "Defendants" shall be to these Defendants only.

26    [3] Defendants' Motion to Dismiss the Heirs' Tenth Claim for
Intentional Infliction of Emotional Distress excepts Shamika
27 Thomas who allegedly witnessed the altercation.  All references
to the Heirs with respect to the Tenth Claim do not include
28 Shamika Thomas.

1  Lastly, Defendants moved to dismiss the Police Dept. as a

2  Defendant on the ground it is not a separate legal entity.

3  For the reasons set forth below, Defendants' Motion is GRANTED in

4  part, and DENIED in part.[4]

5

6                              **BACKGROUND**

7

8      On August 4, 2005, seven to ten Sacramento police and

9  sheriff officers responded to a domestic disturbance call

10  directing them to the residence of Dwayne Zachary, an African-

11  American man.  Mr. Zachary answered the door dressed in his

12  bathrobe only.  The caller was not present at the residence, and

13  officers quickly determined the caller was not in danger from Mr.

14  Zachary.  Upon proceeding to leave the premises, Mr. Zachary

15  allegedly made statements that caused the officers to turn back

16  and charge toward Mr. Zachary.  Mr. Zachary retreated inside his

17  home, and unsuccessfully tried to close the door on officers.

18      Plaintiffs allege the officers then forced their way into

19  Mr. Zachary's home, ultimately kicking, tasering, and beating

20  him.  Plaintiff Shamika Thomas, daughter of Mr. Zachary,

21  approached her father's residence during the time officers were

22  engaged in the altercation inside the home.  She allegedly sought

23  entry into the home and attempted to persuade the officers to

24  cease their attack on Mr. Zachary.  Shamika alleges officers

25  precluded her from entering the home.

26

27        [4] Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

                                  5

1  She then states she watched the altercation from an open kitchen
2  window on the north side of the premises.  At some point, Dwayne
3  Zachary was brought out of his home motionless on a gurney.  Mr.
4  Zachary was then rushed to a nearby hospital but was pronounced
5  dead late in the day on August 4, 2005.  The Coroner's Final
6  Report listed the cause of death as "Sudden cardiac arrest while
7  being restrained prone after physical altercation with police
8  that included [the] use of tazers."  The present action followed.
9
10                              **STANDARD**
11
12      On a motion to dismiss for failure to state a claim under
13  Rule 12(b)(6), all allegations of material fact must be accepted
14  as true and construed in the light most favorable to the
15  nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,
16  337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)
17  requires only "a short and plain statement of the claim showing
18  that the pleader is entitled to relief," in order to "give the
19  defendant fair notice of what the ... claim is and the grounds
20  upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.
21  Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a
22  Rule 12(b)(6) motion to dismiss does not need detailed factual
23  allegations, a plaintiff's obligation to provide the "grounds" of
24  his "entitlement to relief" requires more than labels and
25  conclusions, and a formulaic recitation of the elements of a
26  cause of action will not do.  *Bell Atl. Corp. v. Twombly*, 2007
27  U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and
28  quotations omitted).

Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**I.   Civil Rights Claims**

     **1.   42 U.S.C. § 1983**

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

7

Here, Plaintiffs allege violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Sec. Am. Compl. ¶¶ 27, 32.

> ### A.   First Claim
> #### i.   Heirs' Claim

Federally protected rights that are enforceable under Section 1983 are personal to the injured party.  *Rose v. City of Los Angeles*, 814 F.Supp. 878, 881 (C.D. Cal. 1993).  That said, if a claim under 42 U.S.C. § 1983 accrues before the death of an individual, that claim survives to the extent state law authorizes a survival action.  42 U.S.C. § 1988(a); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Under California law, if an injury giving rise to liability occurs before an individual's death, the claim survives to the decedent's estate, and the decedent's personal representative may prosecute the action.  *See* Cal. Civ. Proc. Code § 377.30.  In addition, California law provides in pertinent part as follows:

> "[A] cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative **on their behalf:** (a) The decedent's surviving spouse, domestic partner, children..."

Cal. Code Civ. Proc. § 377.60 (emphasis added).

With respect to this First Claim, the Heirs argue they possess a right to assert this First Claim given the loss of familial relationships suffered as a result of the events detailed in the Complaint.

8

1    As an initial matter, the Court is agreed that the facts in

2    this case could give rise to a number of causes of action that

3    may be asserted by the Heirs personally.  Indeed, "a section 1983

4    claim must be based upon the violation of plaintiff's personal

5    rights, and not the rights of someone else."  *Robbins v. City of*

6    *Hanford,* 2006 U.S. Dist. LEXIS 44173, *21 (D. Cal. 2006) (citing

7    *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Van*

8    *Deelen v. Shawnee Mission Unified Sch. Dist. # 512*, 316 F. Supp.

9    2d 1052, 1056 (D. Kan. 2004); *Rose*, 814 F.Supp. at 881; *see also*

10   *McKelvie v. Cooper*, 190 F.3d 58, 64 (2d Cir. 1999)).

11   The facts in this case are undisputed that the Decedent,

12   rather than the named Heirs in this action, personally suffered

13   the alleged constitutional violations.  Given that fact, the

14   Motion to Dismiss the First Claim as asserted by the Heirs is

15   proper and, hereby, granted without leave to amend.  To the

16   extent Defendants seek to have the First Claim dismissed as

17   asserted by the Heirs on behalf of Decedent or by the Estate or

18   Administrator, the Motion is denied.

19

20   **ii.  Plaintiffs' First Claim Arising under Fifth
     and Fourteenth Amendments**

21

22   Defendants move to dismiss the Fifth and Fourteenth

23   Amendment claims asserted as part of Plaintiffs' First Claim on

24   the ground that Plaintiffs have failed to state a claim for

25   relief.

26   ///

27   ///

28   ///

### a.   Fifth Amendment

Plaintiffs allege a violation of the Decedent's rights under the Fifth Amendment.  The due process clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227, 67 L. Ed. 2d 186, 101 S. Ct. 1074 (1981)).  The Fifth Amendment does not apply to the actions of state or local governments.  *Lee*, 250 F.3d at 687.  Plaintiffs here do not allege any of the Defendants are federal actors. Accordingly, the Court finds Plaintiffs have failed to state a claim alleging a violation of due process or equal protection under the Fifth Amendment.  Consequently, Defendants' Motion to Dismiss Plaintiffs' Fifth Amendment claim is granted with leave to amend.

### b.   Fourteenth Amendment - Due Process

When an explicit textual provision of the federal constitution protects against a challenged government action, the claim must be analyzed under that specific provision alone and not under the more general guarantee of substantive due process. *Albright v. Oliver*, 510 U.S. 266, 273, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994) (plurality opinion of REHNQUIST, C. J.) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989)) (internal quotation marks omitted).

*///*

1    Defendants contend that the "more-specific-provision" rule

2  of *Graham* precludes Plaintiffs' Fourteenth Amendment substantive

3  due process claim because Plaintiffs' claims brought on behalf of

4  Decedent should be governed by the Fourth Amendment. *See e.g.*

5  *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1988).

6  Plaintiffs simply disagree with Defendants' contention without

7  explanation except to say Decedent was deprived of his life in

8  violation of substantive due process.

9    In addressing an excessive force claim brought under Section

10 1983, analysis begins by isolating the precise constitutional

11 violation with which the defendant is charged. *Graham*, 490 U.S.

12 at 394.  "The validity of the claim must then be judged by

13 reference to the specific constitutional standard which governs

14 that right, rather than to some generalized 'excessive force'

15 standard." *Id.*  Where an excessive force claim arises in the

16 context of an arrest or investigatory stop, it most often invokes

17 the protection of the Fourth Amendment. *Id.*  However, when a

18 free citizen is denied his or her constitutional right to life

19 through means other than a law enforcement official's arrest,

20 investigatory stop or other seizure, *Graham* arguably preserves a

21 substantive due process claim. *See Lewis*, 523 U.S. at 844-845

22 (internal citations omitted).

23    Here, Plaintiffs allege Decedent lost his life through an

24 excessive and brutal beating by law enforcement.  Even presuming

25 the foregoing to be true, there is insufficient information in

26 the record to isolate the precise constitutional violation with

27 which the Defendants are charged.

28 ///

1  Accordingly, Defendants' Motion to Dismiss Plaintiffs' Fourteenth
2  Amendment substantive due process claim is granted with leave to
3  amend.
4
5                    **c.    Fourteenth Amendment - Equal Protection**
6
7      Defendants seek to dismiss Plaintiffs' claim for violation
8  of equal protection under the Fourteenth Amendment on the ground
9  that Plaintiffs have failed to state a viable claim for relief.
10 More specifically, Defendants argue that Plaintiffs failed to
11 allege Defendants acted with an intent or purpose to discriminate
12 against Decedent based on his membership in a protected class.
13 *See Lee*, 250 F.3d at 686.  Plaintiffs concede they failed to
14 allege Defendants so discriminated and assert they will include
15 such an allegation in a subsequent amended Complaint.  Given that
16 no claim under Section 1983 for violation of equal protection may
17 be stated absent an allegation Defendants acted with an intent or
18 purpose to discriminate based on Decedent's membership in a
19 protected class, dismissal is proper.  Consequently, Defendants'
20 Motion to Dismiss Plaintiffs' equal protection claim is granted
21 with leave to amend.
22
23          **B.    Third Claim - Municipal Liability**
24
25     "Section 1983 also imposes liability upon municipalities for
26 constitutional deprivations resulting from actions taken pursuant
27 to government policy or custom."  *Karim-Panahi v. Los Angeles*
28 *Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).

                                12

1  As noted above, a section 1983 claim must be based upon the

2  violation of plaintiff's personal rights, and not the rights of

3  someone else.  *Robbins,* 2006 U.S. Dist. LEXIS 44173, *21.  To the

4  extent the Heirs seek to assert this Section 1983 claim for

5  municipal liability as personal to them, it is dismissed without

6  leave to amend.  To the extent this claim is alleged on behalf of

7  Decedent, Defendants' Motion to Dismiss is denied.

8

9      **2.   Fourth Claim - Conspiracy**

10

11     Under 42 U.S.C. § 1985(3) ("Section 1985"), a claim may be

12  alleged when "two or more persons...conspire...for the purpose of

13  depriving, either directly or indirectly, any person or class of

14  persons of the equal protection of the laws."  Here, Plaintiffs

15  allege that Defendants agreed and conspired to brutally and

16  unlawfully beat and tase Decedent.  Sec. Am. Compl. ¶ 40.  In

17  addition, Plaintiffs allege Defendants agreed and conspired to

18  fabricate false police reports regarding the fatal beating of

19  Decedent.  *Id.* ¶ 41.

20     Defendants once again seek to dismiss this claim on the

21  ground that the Heirs lack standing to assert this claim because

22  this claim, like the foregoing claims, belongs personally to the

23  Decedent.  As explained above, Plaintiffs again oppose

24  Defendants' Motion on the ground that they may bring the claim

25  pursuant California's survival statute.

26  ///

27  ///

28  ///

13

1    The language of Section 1985 itself belies Plaintiffs'

2  argument.   Specifically, the language of Section 1985 provides in

3  pertinent part that if two or more persons conspire, for the

4  purpose of depriving any person or class of persons the equal

5  protection of the laws "...the party so injured or deprived may

6  have an action for the recovery of damages, occasioned by such

7  injury or deprivation, against any one or more of the

8  conspirators."   42 U.S.C. § 1985(3).   Here, the Complaint itself

9  alleges the subject of the conspiracy is Decedent and no other.

10 Accordingly, to the extent the Heirs seek to assert the Fourth

11 Claim on their own behalf, the Motion to Dismiss is granted

12 without leave to amend.   To the extent the Defendants seek to

13 Dismiss this Fourth Claim as it would have accrued to Decedent

14 himself, the Motion is denied.

15

16 **II.   State Claims**

17

18    **1. Seventh through Ninth Claims**

19

20    As above, Defendants move to dismiss the Heirs' Seventh

21 through Ninth Claims for lack of standing.   Plaintiffs again cite

22 California's survival statute in opposition.   Under California

23 law, the following claims are personal in nature, not assignable,

24 and can only be made by the person suffering the injury: assault

25 and battery, *Essex Ins. Co. v. Five Star Dye House*, 38 Cal. 4th

26 1252, 1259 (2006), false arrest, *Hogen v. Valley Hospital*, 147

27 Cal. App. 3d 119, 127 (1983), and false imprisonment, *Wilson v.*

28 *Stolman*, 2006 U.S. Dist. LEXIS 18617.

14

1   The claims for assault and battery (Sec. Am. Compl. ¶¶ 52-55) and

2   false arrest (Sec. Am. Compl. ¶¶ 56-60) are not properly alleged

3   because the Heirs were not personally grieved.  Accordingly, to

4   the extent the Heirs seek to personally vindicate rights, the

5   Defendants' Motion to Dismiss is proper and, hereby granted

6   without leave to amend.  To the extent they seek to vindicate

7   Decedent's alleged claims for assault, battery and false arrest,

8   the Defendants' Motion is denied.

9        The claim for false imprisonment fails in two ways.  Under

10  California law, the claim for false imprisonment is the "unlawful

11  violation of the personal liberty of another." *Martinez v. City*

12  *of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998).  In order to

13  state a claim for false imprisonment, Plaintiffs must allege a

14  false arrest and unreasonable delay in bringing the arrested

15  person before a judicial officer. *See Wilson*, 2006 U.S. Dist.

16  LEXIS 18617 at *9.  Heirs have not alleged Decedent was arrested

17  nor have they alleged an unreasonable delay in bringing Decedent

18  before a legal officer.  Accordingly, Defendants' Motion to

19  Dismiss this Ninth Claim is granted with leave to amend.

20

21       **2. Tenth Claim - Intention Infliction of Emotional Distress**

22

23       Under California law, "even if an action is intentional and

24  outrageous, it is not actionable unless it is directed at the

25  plaintiff or occurs in the presence of the plaintiff and the

26  defendant is aware that the plaintiff is present." *Christensen*

27  *v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991).

28  ///

It is undisputed that the Heirs, save Shamika, were not present at the time Defendants allegedly violated Decedent's rights. Sec. Am. Compl. ¶¶ 4, 64.  Accordingly, Defendants' Motion to Dismiss the Tenth Claim is granted as to all Heirs but Shamika with leave to amend.[5]

### 3. Eleventh Claim

Plaintiffs assert a claim of negligent training, hiring, discipline, retention against County of Sacramento; City of Sacramento; Sacramento County Sheriff's Department; Sacramento Police Department; Lou Blanas and Albert Nájera.  Defendants City and Nájera move to dismiss Plaintiffs' Eleventh Claim on the ground that it lacks a statutory basis.  Plaintiffs rebut that this Eleventh Claim is grounded in 42 U.S.C. § 1983.  They further explain that when execution of a government's policy or custom inflicts an injury, the public entity is liable under Section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Under the California Tort Claims Act "a public entity is not liable for injury arising from an act or omission except as provided by statute."  Cal. Gov. Code, § 815, subd. (a); *see also Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (Cal. 1998).

---

[5] Defendants did not move the Court to dismiss the Tenth Claim as to Shamika.  Rather, Defendants only moved the Court to dismiss this Tenth Claim as to the remaining Heirs only. Consequently, the Tenth Claim is dismissed only as to the Heirs save Shamika.

California Government Code section 815.2(a) is one such statute. It provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee ...."  Cal. Gov't Code § 815.2(a).

Given the foregoing statutory authority for a claim against a California Government entity as well as the *Monell* claim cited by Plaintiffs, the Court finds Defendants' argument unpersuasive. Consequently, Defendants' Motion to Dismiss Plaintiffs' Eleventh Claim is denied.

**III. Claims Against Defendant Sacramento Police Department**

Defendants move to dismiss Defendant Sacramento Police Department as to all Claims arguing that dismissal is proper because the Police Department is not a separate legal entity and, consequently, not subject to suit.  Plaintiffs oppose Defendants contention and, correctly, note that the Ninth Circuit has expressly held that municipal police departments are public entities for purposes of federal jurisdiction.

Federal Rule of Civil Procedure 17(b) requires the standing of a police department to be determined by the law of the state. California Government Code section 945 provides that public entities may sue or be sued.  California Government Code section 811.2 defines a public entity as "... a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the state."

17

1    The Ninth Circuit confronted this express question in *Shaw v.*
2    *State of California Dept. of Alcoholic Beverage Control*.   788
3    F.2d 600, 604-605 (9th Cir. 1986).   There, the court concluded
4    that a police department is a public entity under Section 811.2
5    and, therefore may be sued in federal court.   *Id.*; *see also*
6    *Karim-panachi v. Los Angeles Police Dept*, 839 F.2d 621, 624 (9th
7    Cir. 1988).   Consequently, Defendants' Motion to Dismiss
8    Sacramento Police Department is denied.

9

10                            **CONCLUSION**

11

12        For the reasons set forth above, the Defendants' Motion to
13   Dismiss is GRANTED in part and DENIED in part.   Specifically, the
14   Motion to Dismiss the First Claim as asserted by the Heirs is
15   proper and, hereby, granted without leave to amend.   To the
16   extent Defendants seek to have the First Claim dismissed as
17   asserted by the Heirs on behalf of Decedent or by the Estate or
18   Administrator, the Motion is denied.   The Motion to Dismiss
19   Plaintiffs' First Claim asserting Fifth Amendment violations is
20   granted with leave to amend.   The Motion to Dismiss Plaintiffs'
21   First Claim alleging Fourteenth Amendment substantive due process
22   violations is granted with leave to amend.   The Motion to Dismiss
23   Plaintiffs' First Claim alleging Fourteenth Amendment equal
24   protection is granted with leave to amend.   The Motion to Dismiss
25   Heirs' Third Claim for municipal liability is granted without
26   leave to amend to the extent they seek to assert this claim as
27   personal to them.   To the extent this Third Claim is alleged on
28   behalf of Decedent, Defendants' Motion to Dismiss is denied.

                                18

1   The Motion to Dismiss the Fourth Claim by the Heirs is granted

2   without leave to amend to the extent they seek to assert this

3   Claim on their own behalf.  To the extent the Defendants seek to

4   Dismiss this Fourth Claim as it would have accrued to Decedent

5   himself, the Motion is denied.  The Motion to Dismiss the Seventh

6   Claim for assault and battery as well as the Eighth Claim for

7   false arrest is granted without leave to amend to the extent the

8   Heirs seek to personally vindicate rights.  To the extent the

9   Heirs seek to vindicate Decedent's alleged claims for assault,

10  battery and false arrest, the Defendants' Motion is denied.  The

11  Motion to Dismiss the Heirs Ninth Claim for false imprisonment is

12  granted with leave to amend.  The Motion to Dismiss Heirs' Tenth

13  Claim is granted with leave to amend as to all Heirs save

14  Shamika.  Defendants' Motion to Dismiss Plaintiffs' Eleventh

15  Claim is denied.  The Motion to Dismiss all claims against the

16  Police Dept. is denied.  Plaintiffs have twenty (20) days

17  following the date of this Order to file their Amended Complaint.

18       IT IS SO ORDERED.

19
    Dated: July 5, 2007
20

21

22                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

                                  19