UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DWAYNE ZACHARY, LINDA LAMPKIN, REPRESENTATIVE; DWAYNELA ZACHARY; AUSTUSTINE ZACHARY; SHAMIKA THOMAS; KYANNA SMITH; AILEEN ELDORA ZACHARY; DWAYNE ZACHARY; LARRY MARTWAINE ZACHARY; JOSHUA CLEARANCE ZACHARY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO; CITY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; LOU BLANAS, individually and in his official capacity as SACRAMENTO COUNTY SHERIFF; SACRAMENTO POLICE DEPARTMENT; ALBERT NAJERA, individually and in his official capacity as CHIEF OF POLICE OF THE CITY OF SACRAMENTO; SACRAMENTO SHERIFF OFFICERS BRETT SPAID, CRAIG HARMON, MATTHEW TALLMAN, KEVIN JORDAN, BRENT JARVIS, REBECCA PURDY, ANDREW CROLEY, LT. BILL MYERS; JEREMY DAY; DONALD VAGT; KENNETH WIGHT; GRANT JOINT UNION HIGH SCHOOL DISTRICT; OFFICERS DAVID LUGO AND EMILY KELLY OF THE GRANT JOINT UNION HIGH SCHOOL DISTRICT; BILL ROBERTS | No. 2:06-cv-1652-MCE-PAN<br><br><br><br><br><br><br><br><br><br>MEMORANDUM AND ORDER |

1 | individually and in his official capacity as CHIEF OF
2 | POLICE OF GRANT JOINT UNION HIGH SCHOOL DISTRICT,
3 | SACRAMENTO SHERIFF OFFICERS DOES 1-49; SACRAMENTO POLICE
4 | OFFICERS DOES 50-99; GRANT JOINT UNION HIGH SCHOOL
5 | DISTRICT DOES 100-149, and ADDITIONAL DOES 150-200
6 | inclusive,

7 |             Defendants.

8 |                     ----oo0oo----

9 |

10 |       Through the present action, Plaintiffs claim that numerous
11 | Defendants violated their civil rights during the course of
12 | investigating a domestic disturbance call at the home of now
13 | deceased Dwayne Zachary.  Plaintiffs also allege several state
14 | law claims.  Presently before the Court is the Motion of
15 | Defendant Grant Joint Union High School District ("Grant School
16 | District" or "District") to Dismiss all claims brought against it
17 | in Plaintiffs' Third Amended Complaint.  The District's Motion is
18 | based on the sovereign immunity of the state, pursuant to the
19 | Eleventh Amendment of the United States Constitution, against
20 | suit brought in federal court.[1]
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 |

---

27 |       [1] Because oral argument will not be of material assistance,
28 | the Court orders this matter submitted on the briefs.  E.D. Cal.
     | Local Rule 78-230(h).

2

**BACKGROUND**

On August 4, 2005, seven to ten Sacramento County Sheriff's Deputies, Sacramento City Police Officers, and Grant School District Officers responded to a domestic disturbance call directing them to the residence of Dwayne Zachary, an African-American man.  Mr. Zachary answered the door dressed only in his bathrobe.  The caller was not present at the residence, and officers quickly determined the caller was not in danger from Mr. Zachary.  Upon proceeding to leave the premises, Mr. Zachary allegedly made statements that caused the officers to turn back and charge toward Mr. Zachary.  Mr. Zachary retreated inside his home and unsuccessfully tried to close the door on officers.

Plaintiffs allege the officers, at least two of which were employed by Defendant Grant School District, forced their way into Mr. Zachary's home.  Plaintiffs claim that the officers then began kicking, tasering, and beating him.  Plaintiff Shamika Thomas, daughter of Mr. Zachary, approached her father's residence during the time officers were engaged in the altercation inside the home.  She allegedly sought entry into the home and attempted to persuade the officers to cease their attack on Mr. Zachary.  Shamika alleges officers precluded her from entering the home.  She then states she watched the altercation from an open kitchen window on the north side of the premises. At some point, Dwayne Zachary was brought out of his home, motionless, and on a gurney.  Mr. Zachary was then rushed to a nearby hospital but was pronounced dead late in the day on

August 4, 2005. The Coroner's Final Report listed the cause of death as "Sudden cardiac arrest while being restrained prone after physical altercation with police that included [the] use of tazers." The present action followed.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs' obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted).

///
///
///
///

4

Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1. State Immunity**

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

///

Federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States." Hans v. Louisiana, 134 U.S. 1 (1890). "[T]he Eleventh Amendment was introduced to clarify the intent of the Framers" that Article III, section two of the Constitution "would not provide a mechanism for making States unwilling defendants in federal court." Employees of the Missouri Public Health Dep't, 411 U.S. 291-292 (Marshall, J., concurring). This prohibition extends to suits against a state "brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification." In re State of New York, 256 U.S. 490 (1921). "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of the Missouri Public Health Dep't v. Dep't of Public Health & Welfare, 411 U.S. 279, 280 (1973).

**2. State Agency Immunity**

Eleventh Amendment immunity is not limited to suits in which the state itself is a named party. Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997). "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a state is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Id. (quoting Poindexter v. Greenhow, 114 U.S. 270, 287 (1885)).

///

6

1  The Ninth Circuit has established a five-factored test for
2  determining whether a governmental agency is an "arm of the
3  state," and thus afforded the same constitutional immunity as the
4  state. Belanger v. Madera Unified School District, 963 F.2d 248,
5  250 (9th Cir. 1992) (referencing the balancing test summarized in
6  Mitchell v. Los Angeles Community College Dist, 861 F.2d 198, 201
7  (9th Cir. 1988)).  These five factors are 1) "whether a money
8  judgment would be satisfied out of state funds," 2) "whether the
9  entity performs central governmental functions," 3) "whether the
10 entity may sue or be sued," 4) "whether the entity has the power
11 to take property in its own name or only the name of the state,"
12 and 5) "the corporate status of the entity." Belanger, 963 F.2d
13 at 250-251.
14      In Belanger, the Ninth Circuit reviewed de novo the district
15 court's finding that a California school district was immune to
16 suit under the Eleventh Amendment. Id. at 249-250.  The court,
17 in a detailed discussion, analyzed the five factors listed above
18 and concluded that the district court had "correctly applied the
19 Mitchell test and determined that the school district was immune
20 to suit under the Eleventh Amendment." Id. at 254; Mitchell, 861
21 F.2d at 201.  The court found that because "[t]he school district
22 is an agent of the state that performs state governmental
23 functions and ... a judgment would be satisfied out of state
24 funds," it was therefore an arm of the state, and possessed the
25 state's immunity to suit. Belanger, 963 F.2d at 250, 254.
26      The California Court of Appeal has also found that a school
27 district is immune from suit in federal court. Kirchmann v. Lake
28 elsinore Unified School District, 100 Cal. App. 4th 1098 (2000).

7

The court noted that most district and state courts, following the United States Supreme Court decision in <u>Mt. Healthy City School Dist. Board of Education v. Doyle</u>, 429 U.S. 274 (1977), have found that the Eleventh Amendment does not afford local school districts immunity from suit. <u>Kirchman</u>, 100 Cal. App. 4th at 1106-1107. However, because each state structures its public education systems independently, the above precedents were of "limited assistance" to the court's analysis. <u>Id.</u> Indeed, the question of whether a particular state agency is an arm of the state is a question of federal law that "can be answered only after considering the provisions of state law that define the agency's character." <u>Regents of the University of California</u>, 519 U.S. at 429. Instead, the court performed a detailed analysis of the basis for the <u>Mitchell</u> factors as applied in <u>Belanger</u>, focusing primarily on the impact of any judgment against the school district on the state treasury and the centrality of governmental functions performed by the school district. <u>Kirchman</u>, 100 Cal. App. 4th at 1106-1115. The court concluded that "the relevant criteria favor immunity." <u>Id.</u> at 1115. The court also noted that "the Ninth Circuit in <u>Belanger</u> correctly determined a California school district should be considered an arm of the state for purposes of the Eleventh Amendment." <u>Id.</u> at 1115. Therefore, this Court finds that the Grant School District is an "arm of the state" and thus immune from suit in federal court. As a result, Plaintiffs' complaint against the District has failed to state a claim upon which relief can be granted. Accordingly the District's Motion to Dismiss Plaintiffs' claims against it is GRANTED.

### 3. Supplemental Jurisdiction

The Eleventh Amendment also works to bar supplemental (pendent) claims. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 120 (1983). The amendment "should not be construed to apply with less force to this implied form of jurisdiction than it does to the explicitly granted power to hear federal claims." Id. The history of the amendment "confirms that it is an independent limitation on all exercises of Art. III power." Id. To hold otherwise would be to allow a federal court to "award damages against a State on the basis of a pendent claim." Id. "[P]endant jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." Id. at 121. Therefore, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. Id. Therefore, this Court finds that the Grant School District is additionally immune from suit under the Court's supplemental jurisdiction and accordingly grants the District's Motion to Dismiss Plaintiffs' state law claims against it.

### 4. Waiver of Immunity

There are, however, exceptions to Eleventh Amendment immunity. Welch v. Texas Dep't of Highways and Public Transportation, 483 U.S. 468, 473 (1987). "If a State waives its immunity and consents to suit in federal court, the suit is not barred by the Eleventh Amendment." Id.

///

1  Nonetheless, the Court will find that a state has waived its
2  immunity only where specified "by the most express language, or
3  by such overwhelming implication from the text as would leave no
4  room for any other reasonable construction." <u>Murray v. Wilson</u>
5  <u>Distiling Co.</u>, 213 U.S. 151, 171 (1909).  A state must "give an
6  'unequivocal indication' that it consents to be sued in a federal
7  court."  <u>Collins v. State of Alaska</u>, 823 F.2d 329, 331 (9th Cir.
8  1987).  This indication may arise from 1) express consent by the
9  state, 2) a provision in a state statute or in the state
10 constitution, or 3) the clearly expressed intent of Congress "to
11 condition the state's participation in a program or activity on
12 the state's waiver of immunity."  <u>Id.</u> at 331-332.
13      As to the first factor above, Plaintiffs have made no
14 showing that Grant School District has consented to the Court's
15 jurisdiction in this case.  On the express disclaimer of Grant
16 School District as provided in their Motion to Dismiss, this
17 Court finds that the District has made no express consent to be
18 sued in federal court.
19      Given the determinations of the <u>Kirchmann</u> and <u>Belanger</u>
20 courts that a California school district is immune from suit, the
21 second and third factors above can also not stand as a basis to
22 find waiver in the present case.  "In order for a state statute
23 or constitutional provision to constitute a waiver of Eleventh
24 Amendment immunity, it must specify the State's intention to
25 subject itself to suit in *federal court*."  <u>Atascadero State</u>
26 <u>Hospital v. Scanlon</u>, 473 U.S. 234, 241 (1985) (superseded by
27 statute on other grounds).
28 ///

10

No relevant California state statute or constitutional provision has been identified that would effectuate a waiver of sovereign immunity from suit, in federal court, against the state or an entity found to be an arm of the state.  "California has not waived its Eleventh Amendment immunity."  Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).  Further, Congress did not clearly express an intent to abrogate the immunity of states in passing the federal Civil Rights statutes.  "Neither a federal court nor a state court may entertain a § 1983 action against [a state]."  Howlett, By and Through Howlett v. Rose, 496 U.S. 356, 376 (1990).  Therefore, this Court finds that no waiver of immunity to suit has been made that would subject Grant School District to liability in federal court.

**5. Leave to Amend**

The immunity of Grant School District cannot be diminished by any re-working of the Plaintiffs' complaint.  Thus, the deficiencies of the complaint cannot be cured by amendment to state a claim upon which relief can be granted.  Therefore, this Court grants the District's Motion to Dismiss without leave to amend.

///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, Defendant Grant Joint Union School District's Motion to Dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

12