UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF DWAYNE ZACHARY, et al.,

       Plaintiffs,

   v.

COUNTY OF SACRAMENTO, et al.,

       Defendants.

No. 2:06-cv-01652-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs initiated this litigation on July 26, 2006. On December 12, 2008, the Court issued an Amended Pretrial Scheduling Order ("PTSO") requiring discovery to be completed by April 10, 2009. Presently before the Court is Plaintiffs' Motion to Amend the PTSO to Extend Time for Discovery. For the following reasons, Plaintiffs' Motion is denied.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1    Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id., quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

Plaintiffs request that the Court extend the discovery cutoff from April 10, 2009, to June 30, 2009. Plaintiffs contend such an extension is necessary because Defendants are still in the process of producing a number of items.

///

Thus, Plaintiffs "need time to review and evaluate these items, and to propound further discovery requests related to these documents, if necessary." Motion, 2:13-14. Additionally, Plaintiffs argue that they "have yet to receive the Coroners' deposition transcripts," the review of which may lead to still further discovery requests. Finally, the parties stipulated to extend time to take the deposition of one Kevin Jordan, who failed to appear on the originally scheduled date of April 6, 2009, and Plaintiffs claim that a review of the transcript of that interview, once it occurs, may lead to still further discovery requests.

Plaintiffs' conjecture that further discovery may hypothetically be required is insufficient to rise to the level of good cause necessary to warrant amendment of the PTSO. Accordingly, Plaintiffs' Motion to Amend the PTSO to Extend Time for Discovery (Docket No. 70) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 5, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE